Pearson, J.
 

 This case is governed by
 
 Stoker
 
 v.
 
 Kendall,
 
 Busb. Rep. 212. It is there held that the obj ect of appointing an administrator is to have the estate of the intestate taken care
 
 of;
 
 and if the next of kin do not apply for the appointment in reasonable time, the Court should give it to some other person. If any thing, this is a stronger case than
 
 Stoker
 
 v.
 
 Kendall,
 
 for, here the widow has taken possession of the property under the privilege given to her by the Act of Assembly, and for two years, in direct violation of the requirement of the law, has failed to apply for administration, during which time she has held possession in defiance of law, so as to make it necessary for a creditor to seek the appointment, and bring suit against her and her son-in-law (the defendant Sutherland) in order to collect in the estate and have it settled,
 
 (Sharpe
 
 v.
 
 Farmer,
 
 1 Dev. and Bat. 122 ;
 
 Ramsay
 
 v.
 
 Woodard,
 
 ante 508, at this term); and some five years after the death of her husband, for the purpose of getting rid of the action in the name of his administrator against them for wx’ongfnlly intermeddling with the estate, they file this petition ! The only ground to sustain the order of the County Court, granting the pi’ayer of this petition, and revoking the letters of administration theretofore granted to the defendant, is the suggestion, based on affidavits, that the intestate did not leave more than enough property for the widow’s year’s provision. So
 
 *513
 
 far from that being a reason why the widow should be allowed, without ceremony, to step in and
 
 heVp herself,
 
 it shows the propriety of having the estate represented by a creditor, whose interest it is to see that some regal’d is paid to the forms and requirements of our several statutes, in such cases made and provided.
 

 The order of the Superior Court affirming the order of the County Court, must be reversed, and the petition dismissed with costs.
 

 Per Curiam.
 

 Judgment reversed.